IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DAYDRENA JASLIN WALKER-WILLIAMS,

Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

Defendant.

Case No. 3:16-cv-02133-AA
**OPINION AND ORDER**

AIKEN, District Judge:

Plaintiff Daydrena Jaslin Walker-Williams brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied plaintiff's application for Supplemental Security Income ("SSI"). For the reasons set forth below, the Commissioner's decision is reversed and remanded for immediate payment of benefits.

## BACKGROUND

On September 24, 2012, plaintiff applied for SSI. She alleged disability beginning August 1, 2012, due to back pain, shoulder pain, obesity, attention deficit hyperactivity disorder,

bipolar disorder, and intellectual disability. In 2013, Plaintiff's application was denied initially and upon reconsideration. On March 4, 2015, plaintiff appeared at a hearing before an administrative law judge ("ALJ"). At the hearing, plaintiff testified and was represented by an attorney. A vocational expert also testified.

The ALJ found plaintiff not disabled in a written decision issued April 1, 2015. After the Appeals Council denied review, plaintiff filed the present complaint.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based upon proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (citation and quotation marks omitted). The court must weigh "both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon plaintiff to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a)(4); *id.* § 416.920(a)(4). At step one, the ALJ found plaintiff had not engaged in "substantial gainful activity" since the application date, September 24, 2012. 20 C.F.R. §§ 404.1520(a)(4)(i), (b); *id.* §§ 416.920(a)(4)(i), (b). At step two, the ALJ found plaintiff had the following severe impairments: obesity, back pain, and borderline intellectual functioning. Tr. 19; 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); *id.* §§ 416.920(a)(4)(ii), (c). At step three, the ALJ determined that plaintiff's impairments, whether considered singly or in combination, did not meet or equal "one of the listed impairments" that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), (d); *id.* §§ 416.920(a)(4)(iii), (d).

The ALJ then assessed plaintiff's residual functional capacities ("RFC"). 20 C.F.R. § 404.1520(e); *id.* § 416.920(e). The ALJ found the plaintiff could perform medium work, except that she "is able to do simple routine work consistent with unskilled work." Tr. 23; 20 C.F.R. 416.967(c) At step four, the ALJ concluded the plaintiff had no past relevant work. Tr. 27; 20 C.F.R. §§ 404.1520(a)(4)(iv), (f); *id.* §§ 416.920(a)(4)(iv), (f). At step five, the ALJ found that plaintiff could perform work existing in the national economy; specifically, plaintiff could work as a sandwich maker or fast food worker. Tr. 28; 20 C.F.R. §§ 404.1520(a)(4)(v), (g)(1). Accordingly, the ALJ found plaintiff not disabled and denied her application for SSI.

## DISCUSSION

Plaintiff contends the ALJ committed two harmful legal errors in determining that she was not disabled. First, plaintiff argues the ALJ's determination that the plaintiff did not meet or

medically equal the criteria of Listing 12.05C was in error. Second, plaintiff asserts the ALJ erred by failing to incorporate the assessment of State psychologist Dr. Holmes, despite affording it substantial weight.

I. *Listing 12.05C Analysis*

Plaintiff challenges the ALJ's analysis and application of Listing 12.05C[1] as "incorrect, incomplete, and improper," thus constituting harmful error. Pl.'s Opening Br. 7.

The Listings describe, for each major body system, impairments that are severe enough to be *per se* disabling. 20 C.F.R. § 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). "If you have an impairment which meets the duration requirement and is listed in [20 C.F.R. Part 404, Subpart P,] [A]ppendix 1 or is equal to a listed impairment, the SSA will find you disabled without considering your age, education, and work experience." 20 C.F.R. §§ 404.1520(d), 416.920(d). In order to meet a listing, the claimant's impairment must satisfy all of the components of the listing. *Kennedy v. Colvin*, 738 F.3d 1172, 1174 (9th Cir. 2014), citing *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (stating that a claimant "must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment"). Claimants have the burden of proving that their impairments meet or equal the requirements of a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

Listing 12.05 governs the SSA's *per se* standard for intellectual disability. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05. At the time that plaintiff filed her application for SSI, Listing 12.05 was titled "Mental retardation."[2] 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05 (effective

---

[1] Because plaintiff filed her application for SSI in September 2012, the version of Listing 12.05 that applies in plaintiff's case is the version that went into effect June 13, 2012. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05 (effective June 13, 2012 to April 4, 2013).

[2] Listing 12.05 has since been retitled "Intellectual disability" (effective Sept. 3, 2013 to Jan. 16, 2017) and "Intellectual disorder" (effective as of Jan. 17, 2017).

Page 4 – OPINION AND ORDER

June 13, 2012 to April 4, 2013) (hereafter "Section 12.05"). The operative version of Listing 12.05 consists of an introductory paragraph setting forth the diagnostic description for intellectual disability, followed by four sets of criteria, paragraphs A through D. *Id.* "If your impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, we will find that your impairment meets the listing." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00A (effective June 13, 2012 to April 4, 2013). At the hearing before the ALJ, plaintiff's counsel specifically argued that the plaintiff would meet Listing 12.05C.

To meet Listing 12.05C, "a plaintiff is required to demonstrate the following: (1) significantly subaverage intellectual functioning with deficits in adaptive functioning with an onset before age 22; (2) a valid verbal, performance, or full scale IQ of 60 to 70; and (3) a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Pedro v. Astrue*, 849 F.Supp.2d 1006, 1011 (D. Or. 2011); *see* § 12.05. The latter two prongs of Listing 12.05C are not at issue in this appeal because plaintiff clearly meets both requirements. First, plaintiff had a valid verbal IQ score of 63, which the ALJ noted "was in the range of an intellectual disability." Tr. 20. Second, the ALJ found that plaintiff suffered from severe impairments of obesity, back pain, and borderline intellectual functioning, which "have more than a minimal impact on the claimant's ability to perform and sustain basic work activities."[3] Tr. 19. Moreover, plaintiff was 21 years old when she filed for SSI and 20 years old when she underwent an intellectual evaluation, including the IQ test which yielded the

---

[3] "The Ninth Circuit has held that 'an impairment imposes a significant work-related limitation of function when its effect on a claimant's ability to perform basic work activities is more than slight or minimal.'" *Pedro*, 849 F.Supp.2d at 1015, citing *Fanning v. Bowen*, 827 F.2d 631, 633 (9th Cir.1987). "If the claimant has another severe impairment at step two, then the requirement [of an additional and significant work-related limitation of function] is satisfied." *Brooks v. Colvin*, 2012 WL 4739533, *8 (D. Or. 2012), citing *Fanning*, 827 F.2d at 633 n. 3 (internal citations omitted); *Pedro*, 849 F.Supp.2d at 1015.

Page 5 – OPINION AND ORDER

verbal IQ score of 63. Thus, all observed deficits necessarily had an onset before age 22. Only the first prong of Listing 12.05C remains at issue in plaintiff's appeal.

The first prong of Listing 12.05C is drawn from the diagnostic description in the introductory paragraph of Listing 12.05: "Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." Section 12.05. "Although the introductory paragraph of Listing 12.05 is a diagnostic description for intellectual disability rather than a specific criterion, it functions as a substantive requirement." *McGrew v. Colvin*, 2015 WL 1393291, *5 (D. Or. 2015), citing *Kennedy*, 738 F.3d at 1176. However, "a formal diagnosis of mental retardation is not required to meet Listing 12.05C," as has been held by numerous district courts within the Ninth Circuit, including the District of Oregon, and the Eighth Circuit. *Pedro*, 849 F.Supp.2d at 1010, citing *Stokes v. Astrue*, 2011 WL 285224, *8-9 (D. Or. 2011); *Maresh v. Barnhart*, 438 F.3d 897, 899 (8th 2006); string citation omitted.

Here, the ALJ determined that plaintiff did not fulfill the diagnostic description of Listing 12.05 because, in the ALJ's assessment, the plaintiff demonstrated adequate adaptive functioning. As a result, the ALJ found plaintiff failed to meet Listing 12.05C.[4] The ALJ recited the following facts as evidence that the plaintiff did not demonstrate deficits in adaptive functioning: the plaintiff finished high school without an individualized education plan (IEP), was able to attend to personal needs such as bathing and grooming, used public transportation without accompaniment, shopped in stores for clothes, and could operate a phone and computer. The ALJ further noted that the plaintiff "was not diagnosed with an intellectual disability by an

---

[4] The ALJ's Listing 12.05C analysis is explained in the step two portion of his written decision. Tr. 20-21.

Page 6 – OPINION AND ORDER

acceptable medical source." Tr. 20. The ALJ concluded, "the weight of the evidence would not support finding that the claimant has an impairment of intellectual disability." *Id.*

Adaptive functioning has been defined as "how effectively individuals cope with common life demands and how well they meet the standards of personal independence expected of someone in their particular age group, socioeconomic background, and community setting." *Pedro*, 849 F.Supp.2d at 1011 n. 1, citing *American Psychiatric Ass'n. Diagnostic & Statistical Manual of Mental Disorders* 42 (4th ed. 2000, text revision). The U.S. Supreme Court has observed adaptive functioning to mean a "person's effectiveness in areas such as social skills, communication, and daily living skills, and how well the person meets the standards of personal independence and social responsibility expected of his or her age by his or her cultural group." *Heller v. Doe*, 508 U.S. 312, 329 (1993), citing *American Psychiatric Ass'n. Diagnostic & Statistical Manual of Mental Disorders* 28-29 (3d rev. ed. 1987).

Claimants typically use circumstantial evidence to prove deficits in adaptive functioning that manifested prior to age 22. *See e.g. Glenn v. Colvin*, 2013 WL 3046871, *3 (D. Or. 2013), citing *Pedro*, 849 F.Supp.2d at 1011. Relevant circumstantial evidence may include, "attendance in special education classes, dropping out of high school prior to graduation, difficulties in reading, writing, or math, and low skilled work history." *Pedro*, 849 F.Supp.2d at 1012, quoting *Campbell v. Astrue*, 2011 WL 444783, *17 (E.D. Cal. 2011).

Notably, claimants need not demonstrate a complete lack of adaptive functioning in order to fulfill the first element of Listing 12.05C. "[T]he introductory paragraph of Listing 12.05 requires evidence that deficits in adaptive functioning exist, not evidence that claimant has no adaptive functioning skills." *McGrew*, 2015 WL 1393291, at *7. "[D]aily activities such as reading, driving, and cleaning are not necessarily inconsistent with mental retardation." *Pedro*,

849 F.Supp.2d at 1013, citing *Huber v. Astrue*, 2010 WL 4684021, *4 (D. Ariz. 2010). Similarly, the Sixth Circuit has held the following activities do not preclude a claimant from meeting Listing 12.05: using public transit, following a road map, driving, doing laundry and cleaning, reading a newspaper, and making change at a grocery store. *Brown v. Sec'y of Health and Human Servs.*, 948 F.2d 268, 270 (6th Cir. 1991). In sum, "[p]ossessing work history or the ability to perform low-skilled, unsophisticated work and some daily chores does not compel a finding that a claimant lacks deficits in adaptive functioning." *Conley v. Colvin*, 2017 WL 1370707, *4 (D. Or. 2017), citing *McGrew*, 2015 WL 1393291 at *7.

Moreover, assessment of the severity of impairment is not contemplated by the introductory paragraph of Listing 12.05. Courts have noted that Listing 12.05 is structured differently than other mental disorder listings: claimants can meet Listings 12.05A-C "without having to demonstrate a disabling, or even severe, level of mental functional impairment." *Gomez v. Astrue*, 695 F.Supp.2d 1049, 1057 (C.D. Cal. 2010). "Because severity of the deficits is established by sections A, B, C, and D, the Court does not assess severity in considering whether a claimant meets the requirements of Listing 12.05's introductory paragraph." *McGrew*, 2015 WL 1393291 at *6.

Here, plaintiff has demonstrated circumstantial evidence relevant to adaptive functioning deficits. Plaintiff was enrolled in special education classes before high school, completed high school, and reported that certain subjects were difficult for her. Plaintiff was not able to complete the one community college course she attempted, nor has she been able to attain a driver's license.

Plaintiff's employment history is limited to low-skilled work as a fast food worker and sandwich maker. Plaintiff testified that at her job as a sandwich maker, she had difficulty

Page 8 – OPINION AND ORDER

remembering or understanding customers' sandwich orders. Plaintiff also reported difficulty working the cash register and counting change. Plaintiff struggled with work when she did not receive one-on-one supervision and guidance from management.

Additionally, at the time of hearing, plaintiff had never lived independently. Plaintiff testified that she has trouble doing her own laundry and her ability to prepare meals is limited to simple foods such as sandwiches and snacks. Further, plaintiff does not manage her own money. Plaintiff is only able to use public transportation to get to places she has previously been.

Several District of Oregon cases addressing Listing 12.05C contain facts which offer valuable comparisons to the present case. *Pedro v. Astrue*, 849 F. Supp.2d 1006 (plaintiff met Listing 12.05C when she had been enrolled in special education classes at an early age, completed high school, completed coursework at a community college, held a driver's license, lived independently, cared for her children, and had a work history that included employment as a teacher's aide, deli clerk, courtesy clerk, laundress, and fast food worker); *Brooks v. Astrue*, 2012 WL 4739533 (plaintiff met Listing 12.05C when he had been enrolled in special education classes prior to high school, held a driver's license, worked as a dump truck driver for eight years, and was found at step two to have a severe impairment of borderline intellectual functioning); *Conley*, 2017 WL 1370707 (plaintiff met Listing 12.05C when she had taken special education classes, had difficulty understanding school subjects, previously maintained full-time work in low-skilled positions, performed household chores, cared for her daughter as a single parent, and had a verbal IQ score of 70). *See also Glenn*, 2013 WL 3046871; *McGrew*, 2015 WL 1393291; *Nicholson*, 106 F.Supp.3d 1190 (D. Or. 2015). Case law demonstrates that plaintiffs can fulfill the Listing 12.05C adaptive functioning deficit requirement across a wide spectrum of circumstances.

Examining the record as a whole, and other relevant case law cited above, I conclude that the ALJ committed legal error in holding that the plaintiff did not satisfy the first prong of Listing 12.05C. The record shows that plaintiff demonstrated deficits in adaptive functioning, along with significantly subaverage intelligence, prior to age 22. "The listing does not require more." *Pedro*, 849 F. Supp.2d at 1014. Because the plaintiff has already fulfilled the latter two prongs of Listing 12.05C, pertaining to IQ and additional work-related limitations, I conclude that the plaintiff has met the requirements of Listing 12.05C.[5]

After finding the ALJ erred, I have the discretion to remand for further proceedings or for immediate payment of benefits. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 531 U.S. 1083 (2000). The issue turns on the utility of further proceedings. *Id.* at 1179. A remand for award of benefits is appropriate where there is no useful purpose to be served by further proceedings or where the record is fully developed. *Id.*

Here, plaintiff meets the requirements of the listing, thus she is found presumptively disabled under the Act. *Holohan v. Massanari*, 246 F.3d 1195, 1211 (9th 2001). The record is fully developed, and further proceedings would serve no useful purpose. Accordingly, remand for immediate calculation and award of benefits is appropriate. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).[6]

///

///

---

[5] The ALJ's observation that the plaintiff had not been formally diagnosed with an intellectual disability by a medical professional does not carry substantial weight because a formal diagnosis is not required to meet Listing 12.05C. See *Pedro*, 849 F.Supp.2d at 1010, internal citations omitted.

[6] Because I have held that the ALJ committed reversible error in the step three analysis, and that error requires remand for immediate payment of benefits, it is unnecessary to address the remaining arguments in plaintiff's brief.

Page 10 – OPINION AND ORDER

## CONCLUSION

The Commissioner's decision is REVERSED and this case is REMANDED for an immediate calculation and award of SSI benefits.

IT IS SO ORDERED.

Dated this 15th day of February 2018.

Ann Aiken
United States District Judge